UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEITH and BEVERLY VAN BENTHUYSEN,

      Plaintiffs,

v.                                                          CASE NO.: 8:10-cv-1646-T-23AEP

STATE OF FLORIDA,

      Defendant.

_____/

## **ORDER**

The pro se plaintiffs, Keith and Beverly Van Benthuysen, ("Keith" and "Beverly")

sue the state of Florida (Doc. 1) for claims arising from Keith's dissolution of marriage.

The defendant moves (Doc. 5) to dismiss the plaintiffs' complaint with prejudice.

In mid-2002, the Circuit Court of Polk County, Florida, in an action by Jill Ann Van

Benthuysen ("Jill Ann") against her then-husband Keith, issued an "Order Granting

Temporary Relief" that awarded Jill Ann (1) temporary custody of the parties' minor child,

(2) temporary child support in the amount of $2,000 per month, (3) temporary alimony in

the amount of $3,500 per month, and (4) temporary use and possession of the marital

home.  (Doc. 6-1)

In early 2003, the Circuit Court of Okaloosa County, Florida, issued a "Final

Judgment Dissolving [the] Marriage" of Keith and Jill Ann.  The judgment finds that (1)

the court had jurisdiction, (2) constructive service was adequate because attempts at

personal service were unsuccessful, (3) the marriage was irretrievably broken and was

therefore dissolved, and (4) adjudication of child custody and support was not possible

because the wife and the parties' minor child were not before the court.  (Doc. 6-1)

In April 2003, after the Circuit Court of Okaloosa County, Florida, granted the dissolution, Keith and Beverly married in Las Vegas, Nevada.  The plaintiffs assert that (1) Jill Ann was properly served in the Okaloosa County action and (2) the Polk County action and judgment were invalid because "the judge in that action was co-opted by the attorney that represented the former wife in serious conflict of interest matters that gave rise to a constitutionally prohibitive due process violation and no divorce judgment was ever entered in the Polk County, Florida action."  (Doc. 1, Pages 2-3)  Keith and Beverly further assert that their marriage in Las Vegas relied upon the judgment in the Okaloosa County action, which judgment "consumed" the temporary order in the Polk County action.  (Doc. 1, Page 3)

The plaintiffs' complaint seeks to prevent Florida's enforcing the Polk County money judgment.  Count I alleges a claim under 42 U.S.C. § 1983 based on enforcement of the support order and confiscation of Keith's passport, both purportedly in violation of the First, Fifth, and Fourteenth Amendments to the United States Constitution.  Count II seeks a declaratory judgment upholding the validity of Keith and Beverly's marriage.  Count III seeks an injunction both preventing Florida from taking further support from Keith and requiring the return of his passport.  (Doc. 1)  The defendant moves to dismiss and asserts, among other things, that the complaint is barred by the so-called "Rooker-Feldman doctrine."  (Doc. 5, Page 2)

In Rooker v. Fidelity Trust Co., 263 U.S. 413, 414-16 (1923), the parties defeated in state court turned to a district court for relief alleging, as the plaintiffs allege, that the adverse state-court judgment was rendered in contravention of the Constitution.  If the

state-court decision was wrong "it [was] open to reversal or modification in an appropriate and timely appellate proceeding [in state court]." Rooker, 263 U.S. at 415. A district court lacks appellate authority because a district court's jurisdiction is "strictly original," and Congress empowered only the Supreme Court "to reverse or modify" a state-court judgment. Rooker, 263 U.S. at 416.  Even a properly appealed state court judgment is immune from direct review in federal district court. D.C. Court of Appeals v. Feldman, 460 U.S. 462 (2005).

A federal court should not entertain a case brought by a "state-court loser" complaining of an injury from a "state-court judgment rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The "Rooker-Feldman doctrine" prevents a federal court from reviewing a state court decision if (1) the party in federal court is the same party as in state court,[1] (2) the state court rendered a final or conclusive judgment,[2] (3) the party seeking relief had a reasonable opportunity to raise the claim in state court, and (4) the issue raised in federal court was adjudicated by the state court or insinuated into the state court's

---

[1] The plaintiffs correctly note that neither (1) Beverly (who of course was not married to Keith when each Florida state court judgment was entered) nor (2) Florida (each a party here) were parties to the state court actions.  Beverly had no standing to sue in state court prior to her marriage and the relief sought here (return of passport and support payments) operates for Keith's primary benefit.  Moreover, a judgment is enforced by (and an injunction against its enforcement is usually sought against) the judicial and executive branches of the sovereign from which it issues.  Complete identity of the parties is unnecessary if each party's interests were represented in the state proceeding.

[2] The plaintiffs note that the Polk County order was a "temporary order."  Instead of moving to disqualify the "co-opted' judge (or otherwise contest the support order), Keith opted to sue in another forum.  The plaintiffs fail to provide a reason why Keith's forum shopping undermines the "Rooker-Feldman doctrine."

- 3 -

judgment.  Amos v. Glynn Co. Bd. of Tax Assessors, 347 F.3d 1249, 1266 n.11 (11th

Cir. 2003).

The "Rooker-Feldman doctrine" operates as a bar to Keith and Beverly's

complaint.  Keith was a "state-court loser" who now complains of a "state-court

judgment" ordering support payments.  Instead of appealing the Polk County judgment to

the pertinent district court of appeal in Florida the plaintiffs request the district court to

conduct appellate review of a state court proceeding.  Staley v. Ledbetter, 837 F.2d

1016, 1018 (11th Cir. 1988) ("The federal courts are not a forum for appealing state court

decisions.")  The "Rooker-Feldman doctrine" prohibits a district court, absent exceptional

circumstances not applicable to this matter, from directly reviewing a state court

judgment.  Federal review of a state court judgment is available only in the United States

Supreme Court and only after exhaustion of state appellate review.  (Because

application of the "Rooker-Feldman doctrine" completely resolves the motion, this order

omits discussion of the other grounds for dismissal advanced by the defendant.)

The defendant's motion to dismiss (Doc. 5) is **GRANTED**.  The case is

**DISMISSED WITH PREJUDICE**.  The Clerk is directed to (1) terminate any pending

motion and (2) close the case.

ORDERED in Tampa, Florida, on December 6, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 4 -